IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**TEDDRICK WILLIAMSON v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Tipton County**
**No. 3536   Joe H. Walker, III, Judge**

_____

**No. W2006-00576-CCA-R3-PC  - Filed February 1, 2007**

_____


The Petitioner, Teddrick Williamson, appeals the lower court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner filed his petition outside the applicable statute of limitation and the petition is, therefore, time-barred.  Accordingly, we affirm the court's dismissal.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ.  joined.

Teddrick Willamson, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Brian Clay Johnson, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**

On August 25, 1998, a Tipton County jury convicted the Petitioner of especially aggravated robbery.  The trial court sentenced the Petitioner on September 17, 1998, to twenty-two years in the Tennessee Department of Correction.  The Petitioner's conviction and sentence were affirmed by this Court on direct appeal. *See State v. Teddrick Williams,* No. W1999-00055-CCA-R3-CD (Tenn. Crim. App., at Jackson, Apr. 27, 2000), *perm. to appeal denied,* (Tenn. Dec. 4, 2000).

Petitioner Williamson filed a petition for post-conviction relief on February 2, 2006, in the Tipton County Circuit Court. As grounds for relief, the Petitioner asserted that the State had withheld exculpatory evidence, the jury was unconstitutionally selected and impaneled, the evidence was obtained pursuant to an unlawful arrest, and counsel was ineffective. The Petitioner also claimed that he recently obtained new evidence to support his claims "on or about May 2005" when his mother obtained his criminal records from the Tipton County Circuit Court Clerk's Office. By order entered February 3, 2006, the lower court dismissed the petition as untimely. A timely notice of appeal document was filed on February 22, 2006.

On appeal to this Court, the Petitioner asserts that the post-conviction court erred by failing to appoint counsel and by summarily dismissing the petition. He further asserts that the post-conviction court was not qualified to preside over the hearing. The Petitioner does not, however, address the basis of the lower court's decision, the timeliness of the petition. The State has filed a motion requesting that this Court affirm the lower court's denial of post-conviction relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the petition is time-barred. The State further asserts that the Petitioner's reliance upon his claim of "new exculpatory evidence" is unsupported by the bleak reference to the "lineup photograph" and, therefore, fails to provide an exception to the timely filing requirement.

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T. C. A.§ 40-30-102(a).

Additionally, Tennessee Code Annotated section 40-30-102(b), provides that the trial court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid. T.C.A. § 40-30-102(b).

In the present case, Petitioner argues that he is entitled to post-conviction relief based on newly discovered evidence in the alleged form of a photographic lineup when his mother discovered the same in his criminal records filed at the county clerk's office. This photographic lineup cannot be construed as scientific evidence. Additionally, we cannot conclude that these particular factual

circumstances toll the limitations period. The Petitioner's post-conviction petition was not filed until February 2, 2006, well beyond the one-year statute of limitations. The grounds for relief alleged by Petitioner do not fall within any of the exceptions to the statute of limitations. Where there is no applicable exception, "the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period." T.C.A. § 40-30-102(a). Accordingly, Petitioner has failed to state a cognizable claim for post-conviction relief.

We conclude that the lower court properly determined that the petition was time-barred. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE